UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS,

                                    Plaintiff,
                                                          9:12-CV-1269
v.                                                        (TJM/TWD)

DAVID A. ROCK, et al.,

                                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

MICHAEL PERKINS, 95-A-0851
Plaintiff pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN               KEVIN P. HICKEY, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Michael Perkins alleges that he is "under the impression" that he is being poisoned by

staff members at Upstate Correctional Facility.  (Dkt. No. 1.)  Currently pending before the Court

are Plaintiff's motion to amend the complaint (Dkt. No. 23), two motions by Plaintiff for

injunctive relief (Dkt. Nos. 24-25), and Defendants' cross-motion to dismiss the complaint (Dkt. No. 27). For the reasons that follow, I recommend that Defendants' motion be granted and Plaintiff's motions be denied as moot.

## I.    BACKGROUND

In the complaint in this action, filed on August 13, 2012, Plaintiff alleges that he is "under imminent danger of serious physical injury at the hands of his jailers" and that he is "under the impression that he has been poisoned by his jailers" in retaliation for filing a previous lawsuit, *Perkins v. Rock*, 9:12-CV-0459. (Dkt. No. 1 at 4.) Plaintiff is "under the impression" that he is being poisoned because there is blood mixed with his feces. *Id*. Plaintiff alleges that Defendant Registered Nurses Renee Holmes, Heath E. Baker, and George Waterson denied him "any form of medical treatment." *Id*. He alleges that Defendants Scott Duman, John W. Hyde, and John A. McBath told the defendant nurses not to provide Plaintiff with medical care. (Dkt. No. 1 at 4-5.) Plaintiff alleges that he filed grievances with Defendants David A. Rock and Nancy Smith "to no avail." (Dkt. No. 1 at 5.) Plaintiff requests an order transferring him from Upstate Correctional Facility, an order that he be examined by an outside urologist, compensatory damages, and punitive damages. (Dkt. No. 1 at 5.)

In *Perkins v. Rock*, No. 9:12-CV-0459 (LEK/RFT), filed on March 14, 2012, Plaintiff complained of excessive force, the ignoring of his complaints about the use of force, the failure to provide medical care for injuries incurred in the alleged use of force, and that he was "under imminent danger of serious physical injury, due to . . . unknown named C.O.'s (security staff) . . . mishandling the plaintiff's food." *Perkins v. Rock*, 9:12-CV-0459 (LEK/RFT), Dkt. No. 1. The operative complaint in the previously-filed litigation is the amended complaint, in which Plaintiff

alleges that staff at Upstate Correctional Facility were "mishandling the Plaintiff's food, and retaliating against the Plaintiff." *Perkins v. Rock*, 9:12-CV-0459 (LEK/RFT), Dkt. No. 17 at 15. On August 6, 2012 (a week before this action was filed), and August 13, 2012 (the same date that Plaintiff filed this action), Plaintiff filed motions for preliminary injunction in the previously-filed action. *Perkins v. Rock*, 9:12-CV-0459 (LEK/RFT), Dkt. Nos. 13 and 15. In those motions, Plaintiff alleged that there was blood in his feces and that he was "under the impression that he has been poisoned." *Id*. Plaintiff requested an order directing that he be examined by a urologist at an outside medical facility. *Id*.

On February 19, 2013, the Court denied Plaintiff's motions for injunctive relief in the previously-filed action. (Dkt. No. 58.) The Court stated that:

> Plaintiff has not made the showing required for the issuance of preliminary injunctive relief. Plaintiff's belief that his symptoms are due to intentional acts of poisoning [is] purely speculative. These allegations are not supported by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof. On the other hand, Plaintiff's submission of a "'Propper Seracult' (A Test for Fecal Occult Blood for In Vitro Diagnostic Use)" clearly suggests that he was offered medical evaluation and treatment. In addition, excerpts from Plaintiff's medical records for this period indicate that he was evaluated at sick call for this symptom approximately six times during August 2012. To the extent that Plaintiff questions or disagrees with the medical care that he is receiving at Upstate C.F., the Court notes that "mere disagreement over the proper medical treatment does not create a constitutional claim." Upon due consideration of . . . the . . . Motions, the Court finds that Plaintiff has failed to demonstrate irreparable harm or that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

*Id*. at 6-7 (citations omitted). The Court did not reject Plaintiff's requests for injunctive relief as raising issues outside the scope of the pleadings. *Id*. Rather, the Court dealt with Plaintiff's

requests for injunctive relief on the substantive merits after considering the parties' briefs and evidence. *Id.*

In this action, Plaintiff filed a motion to amend the complaint on January 4, 2013. (Dkt. No. 23.) He filed his first motion for injunctive relief the same day. (Dkt. No. 24.) He filed his second motion for injunctive relief on January 14, 2013. (Dkt. No. 25.) Defendants have opposed Plaintiff's motions and filed a cross-motion to dismiss the complaint. (Dkt. No. 27.) Plaintiff has opposed Defendants' cross-motion. (Dkt. No. 28.)

## II.     DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AS DUPLICATIVE OF THE PREVIOUSLY-FILED LAWSUIT

Defendants argue that this action must be dismissed because it duplicates issues raised in the previously-filed litigation. (Dkt. No. 27-1 at 4-6.[1]) Although this is a close question, I find that Defendants are correct.

> As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)) (alteration in original). This rule "embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation . . . *Id.* at 80. We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, *see, e.g.*, *Motion Picture Lab. Technicians Loc. 780*, 804 F.2d at 19; *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951), and (2) where "special circumstances" warrant giving priority to the second suit, *see, e.g.*, *First City Nat'l Bank*, 878 F.2d at 79.

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). "In

---

[1]     Citations to page numbers in Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative." *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 133 (2d Cir. 2000)). The "parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." *Dragon Capital Partners v. Merrill Lynch Capital Servs.*, 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997) (quoting *Caspian Invs., Ltd. v. Vicom Holdings, Ltd*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)). Rather, suits are duplicative if they arise from the same nucleus of fact. *See Alden Corp.*, 294 F. Supp. 2d at 235.

Here, Plaintiff alleged in the previously-filed action that he was "under imminent danger of serious physical injury, due to . . . unknown named C.O.'s (security staff) . . . mishandling the plaintiff's food." *Perkins v. Rock*, 9:12-CV-0459 (LEK/RFT), Dkt. No. 1. It is ambiguous whether Plaintiff intended the language about the mishandling of his food to encompass a claim that he was being poisoned. However, this ambiguity was resolved in Plaintiff's motions for preliminary injunction. Plaintiff's motions for preliminary injunction in the previously-filed action were predicated on his belief that he was being poisoned by staff members. *Perkins v. Rock*, 9:12-CV-0459, Dkt. Nos. 13 and 15. Plaintiff's motions discussed blood in his feces and sought orders referring Plaintiff to a urologist. *Id*. They included language remarkably similar to the language that Plaintiff used in the complaint in the current action. *Compare Perkins v. Rock*, 9:12-CV-0459, Dkt. No. 13 at 3 ("Plaintiff is under the impression that he has been poisoned, due to the fact that each time the Plaintiff moves his bowels there is a lot of blood (for toilet water turns complet[e]ly red with the Plaintiff's blood) within his feces and the toilet bowl.") and *Perkins v. Rock*, 9:12-CV-0459, Dkt. No. 15 at 3 ("Plaintiff is now under the impression that he

has been poisoned; due to the fact that each time the Plaintiff moves his bowels there is blood mixed within the Plaintiff's feces and the toilet water turns red from the Plaintiff's blood.") *with* Dkt. No. 1 ("Plaintiff is under the impression that he has been poisoned . . . due to the fact that the Plaintiff when he moves his bowels ha[s] blood mixed within his feces, and the toilet water turns red with the Plaintif's blood . . . ."). Defendants in the previously-filed action opposed the motions for preliminary injunction on the merits. *Perkins v. Rock*, 9:12-CV-0459, Dkt. No. 44-2 at 5-6.[2] Defendants did not argue that Plaintiff's motions for injunctive relief raised issues outside of the scope of the pleadings. *Id*. As noted above, the Court ruled on the motions on the merits rather than rejecting them as raising issues outside of the scope of the pleadings. *Perkins v. Rock*, 9:12-CV-0459, Dkt. No. 58 at 6-7. It thus appears that the Court in the previously-filed action viewed Plaintiff's allegations about poisoning as related to his claims about mishandled food. Accordingly, the current action - which alleges that Plaintiff is being poisoned - shares a common nucleus of fact with the previously-filed action. Therefore, I recommend that the Court grant Defendants' motion to dismiss this action as duplicative of the previously-filed suit.[3]

---

[2] Citations to page numbers in Defendants' memorandum of law in the previously-filed action are to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

[3] Because I recommend dismissing this action as duplicative of the previously-filed suit, I have not addressed Defendants' argument that Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(g). I note, however, that Plaintiff has accumulated three "strikes" for the purposes of § 1915(g). (Dkt. No. 7 at 2.) Plaintiff was allowed to proceed *in forma pauperis* in this action based on the Court's preliminary finding that Plaintiff had sufficiently alleged that he was under imminent danger of serious physical injury when he filed his complaint. *Id*. at 4. In his opposition to Defendants' motion to dismiss, Plaintiff states that "if the Court decide[s] to revoke the plaintiff's *in forma pauperis* status, that is okay . . . due to the fact that the plaintiff [will] max-out of prison in approximately eleven (11) month and will refile his civil complaint as a civilian where the Prison Litigation Reform Act has no merit." (Dkt. No. 28 at 2.)

Because of the slight ambiguity regarding the claims actually at issue in the previously-filed action, however, I recommend that this dismissal be without prejudice.

## III. OTHER PENDING MOTIONS

In addition to Defendants' motion to dismiss, there are three other motions pending in this action: (1) Plaintiff motion to amend the complaint (Dkt. No. 23); (2) Plaintiff's first motion for preliminary injunction (Dkt. No. 24); and (3) Plaintiff's second motion for preliminary injunction (Dkt. No. 25). In light of my recommendation that the Court dismiss this action without prejudice, I recommend that the Court deny the remaining pending motions as moot.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 27) be <u>**GRANTED**</u> without prejudice; and it is further

**RECOMMENDED** that Plaintiff's motion to amend (Dkt. No. 23), Plaintiff's first motion for injunctive relief (Dkt. No. 24), and Plaintiff's second motion for injunctive relief (Dkt. No. 25) be <u>**DENIED AS MOOT**</u>.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 28, 2013
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge